# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBIN GARDNER,

    *Petitioner*,

vs.

DAVID BOURCHOWITZ, *et al.,*

    *Respondents*.

2:12-cv-00097-GMN-VCF

ORDER

    This matter filed by a pretrial detainee in custody at the Nye County Detention Center comes before the Court for initial review.

    Petitioner Robin Gardner presents a four-page handwritten pleading styled both as a civil rights complaint and a habeas corpus petition. Petitioner has paid the $5.00 filing fee for a habeas corpus petition, not the $350.00 filing fee that would be applicable to a civil rights action. The Clerk accordingly has docketed the matter as a habeas action.

    Petitioner has not properly commenced a civil rights action. *First*, he may not combine a civil rights action with a habeas action. The two types of suits are governed by different and incompatible procedures, including those regarding payment of the filing fee. *Second*, to commence a civil rights action, he must pay the $350.00 filing fee when he commences the suit. If he is unable to pay the full fee initially, he must demonstrate his inability to pay with a properly completed application to proceed *in forma pauperis*. If the application is granted, he thereafter must pay the full $350.00 filing fee in installments drawn from his inmate

account.  *Third*, he must use the Court's required Section 1983 complaint form to file a civil rights action.

Petitioner has not complied with these requirements for properly commencing a prisoner civil rights action, including, in particular, satisfaction of the $350.00 filing fee requirement for such an action.

The Court expresses no opinion at this juncture as to whether an otherwise properly procedurally commenced civil rights action would be subject -- depending upon the relief sought -- to dismissal and/or a stay because petitioner was seeking federal judicial intervention in a pending state criminal proceeding.

As a habeas action, the matter also is subject to multiple substantial defects.

*First*, petitioner has not named a proper respondent.  He names the investigating detective as the sole respondent.  Under 28 U.S.C. § 2242 together with Rules 1(b) and 2(a) of the Rules Governing Section 2254 Cases (the "Habeas Rules"), the petition must name the state officer who has physical custody of the petitioner as respondent, which here would be the jailer of the institution in which petitioner is held.  The Court generally does not have jurisdiction over a habeas action unless the physical custodian is named as respondent.  *See,e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

*Second*, the petition has not been signed pursuant to a declaration under penalty of perjury as required by 28 U.S.C. § 2242 together with Habeas Rules 1(b) and 2(c)(5).

*Third*, the petition improperly seeks federal judicial intervention in a pending state criminal proceeding.  As a general rule, even when the claims in a petition, *arguendo*, otherwise have been fully exhausted in the state courts,[1] a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances.  *See,e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden*

---

[1] It appears unlikely from the allegations of the petition that the claims therein have been fairly presented to and exhausted in the state courts through to a decision on the merits by the Supreme Court of Nevada.  Given the other substantial defects in the petition, however, the Court merely notes the exhaustion issue in passing.

*v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances.

The present petition indisputably presents no such extraordinary circumstances. In the present case, petitioner alleges that he was charged with incest with a minor and lewdness with a minor as to a thirteen year old victim on December 21, 2010. He alleges, in principal part: (a) that the investigating detective asked him to come down to his office without telling him that he was about to be charged for such a crime; (b) that the detective interviewed him without giving him *Miranda* warnings; (c) that he was told that his bail would be $20,000 but it instead was set at $50,000, and he never was brought before a magistrate regarding his bail; and (d) that he was told by his court-appointed lawyer to take a deal despite his having filed a motion seeking the removal of the court-appointed attorney.

Petitioner thus presents a garden-variety situation of a state criminal defendant who is represented by counsel in the state proceedings attempting *pro se* to seek federal pretrial intervention into the pending state criminal prosecution to consider claims that may be raised in the state courts. A federal court will not intervene in a pending state criminal proceeding merely because a state criminal defendant believes that his constitutional rights have been violated in the ongoing state proceeding and/or because the defendant is dissatisfied with the representation by his state criminal counsel. Petitioner has an adequate remedy or remedies in the state courts to present his claims, with the ability to seek federal habeas relief in the event of a conviction, following exhaustion of state judicial remedies.

Due to the multiple substantial defects presented, this matter will be dismissed without prejudice. Dismissal of the present action without prejudice will not substantially impact the limitations analysis as to a properly and timely commenced action or otherwise materially prejudice petitioner's substantial rights. The Court finds that further proceedings herein vis-à-vis *Younger* abstention prior to such a dismissal without prejudice would be futile.

IT THEREFORE IS ORDERED that this matter shall be DISMISSED without prejudice due to the multiple substantial defects presented herein.

The Clerk of Court shall enter final judgment accordingly, against petitioner and in favor of respondent, dismissing this action without prejudice.

DATED this 24th day of January, 2012.

_____
Gloria M. Navarro
United States District Judge